IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                         ) | CASE NO. 2:12-CR-87-WKW |
| ) | [WO] |
| WILLIAM JAMES REESE ) | |

**<u>ORDER</u>**

In a prior Order (Doc. # 865), Defendant William James Reese's *pro se* motion for appointment of counsel (Doc. # 858) was construed as containing a motion for a reduction of sentence under the First Step Act of 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act"). Before the court are Mr. Reese's *pro se* motions to vacate that Order. (Docs. # 871, 874.) As grounds, Mr. Reese contends that his motion "did not contain any legal arguments for relief pursuant to the First Step Act of 2018." (Doc. # 871, at 1.) He requests the court to vacate its Order and "decide only if [he] will be appointed counsel" for purposes of seeking relief under the First Step Act. (Doc. # 874.)

The relief Mr. Reese requests will be granted. Accordingly, it is ORDERED that Mr. Reese's motions to vacate (Doc. # 871, 874) are GRANTED. The discussion, thus, turns to Mr. Reese's *pro se* motion for appointment of counsel. (Doc. # 858.)

Modifications of a sentence under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which permits a court to modify a term of imprisonment as

"expressly permitted by statute." *See United States v. Jones*, No. 19-10758, 2020 WL 3248113, at *5 (11th Cir. June 16, 2020) (explaining that § 3582(c)(1)(B) supplies the authority for a reduction of a sentence under the First Step Act). No constitutional or statutory right to counsel exists for motions filed under § 3582; therefore, "the decision to appoint an attorney is left to the discretion of the district court." *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009) (addressing the right to counsel in the context of a § 3582(c)(2) motion); *see also* 18 U.S.C. § 3006A(a)(1) (designating situations where counsel must be appointed for indigent defendants; notably absent in § 3006A(a)(1) are motions for § 3582 sentence reductions). In the court's discretion, it is ORDERED that Mr. Reese's motion for appointment of counsel (Doc. # 858) is DENIED.

For the benefit of Mr. Reese, who states that absent appointment of counsel, he intends to file a *pro se* motion for relief under the First Step Act, the record demonstrates that he is not eligible for a sentence reduction under this Act. The First Step Act, which became law on December 21, 2018, retroactively applies the Fair Sentencing Act of 2010's reduced penalties for covered cocaine-base offenses. *See* First Step Act, § 404; Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("Fair Sentencing Act"). A defendant is not eligible for a sentence reduction under the First Step Act "if the sentence was previously imposed

. . . in accordance with the amendments" of the Fair Sentencing Act.  First Step Act, § 404(c).

Here, Mr. Reese was sentenced in 2013 under the 2012 edition of the Sentencing Guidelines, which incorporated section 2 of the Fair Sentencing Act. *See* U.S. Sentencing Guidelines Manual, app. C amends. 750, 759 (U.S. Sentencing Comm'n 2011); (*see also* Doc. # 677 ¶ 24 (Presentence Investigation Report).) Hence, at sentencing, Mr. Reese would have received any benefit of the Fair Sentencing Act's reduced penalties.  Additionally, the Fair Sentencing Act reduced the penalties for cocaine-base offenses.  Mr. Reese was held accountable for 50 kilograms of cocaine hydrochloride; his sentence was calculated based on this quantity of cocaine hydrochloride, and not on any quantity of cocaine base.  (*See, e.g.*, Doc. # 528, at 12 (Jury verdict finding Mr. Reese guilty of conspiring to possess with intent to distribute or to distribute five kilograms or more of cocaine hydrochloride); Doc. # 659 (judgment); Doc. # 677 ¶¶ 20, 26.)  For these reasons, the court is unaware of any grounds that would render Mr. Reese eligible for a sentence reduction under the First Step Act.

DONE this 2nd day of July, 2020.

                         /s/ W. Keith Watkins
                        UNITED STATES DISTRICT JUDGE