IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CR-87-WKW |
| | ) | [WO] |
| WILLIAM JAMES REESE | ) | |

**ORDER**

Before the court are Defendant William James Reese's *pro se* motion for compassionate release (Doc. # 907) and motion to supplement (Doc. # 910), in which Mr. Reese seeks to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government filed a response in opposition. (Doc. # 911.) While the motion to supplement is due to be granted, the motion for compassionate release is due to be denied.

Mr. Reese was convicted based on the jury's verdict finding him guilty of conspiring to distribute more than 5 kilograms of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and of unlawfully using communication devices to facilitate the conspiracy, in violation of 21 U.S.C. § 843(b). (Docs. # 201, 528.) As a result of his convictions, Mr. Reese was sentenced to 360 months' imprisonment (Doc. # 659), which was later reduced to 292 months' imprisonment (Doc. # 843). Mr. Reese's projected release date is September 22, 2033. *See* https://www.bop.gov/inmateloc/ (last visited Nov. 16, 2020).

Based upon a thorough review of the record, Mr. Reese has not shown "extraordinary and compelling reasons" warranting his early release from prison. 18 U.S.C. § 3582(c)(1)(A). He also has not demonstrated that the medical staff at his designated federal correctional institution is unable to provide him adequate medical care for his alleged health conditions. *See* 18 U.S.C. § 3553(a)(2)(D); *see also United States v. Sanchez*, No. 2:17CR337-MHT, 2020 WL 3013515, at *1 (M.D. Ala. June 4, 2020) (denying an inmate's motion for compassionate release in part based on the absence of evidence "that the prison is unable to meet [the inmate's] medical needs" (citing § 3553(a)(2)(D))). Furthermore, the balancing of the § 3553(a) factors—including, the nature and circumstances of Mr. Reese's offenses and his history and characteristics, as well as the fact that he was convicted on a large-scale drug-trafficking offense for which he has served only one-third of his sentence—do not favor release. *See Sanchez*, 2020 WL 3013515, at *1 (holding that under § 3553(a) the fact that the defendant had "committed a serious crime" for which he "ha[d] served only small percentage of his 145-month sentence" weighed against a compassionate release under § 3582(c)(1)(A)).

Accordingly, it is ORDERED as follows:

(1)    Mr. Reese's motion to supplement (Doc. # 910) is GRANTED; and

(2)    Mr. Reese's motion for compassionate release (Doc. # 907), as supplemented, is DENIED.

DONE this 18th day of November, 2020.

                                              /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE