IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CR-87-WKW-11 |
| | ) | [WO] |
| WILLIAM JAMES REESE | ) | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

On June 4, 2013, Defendant Williams James Reese was sentenced to 360 months' imprisonment after a jury convicted him of conspiracy to distribute controlled substances and aiding and abetting the unlawful use of a communication facility to further the conspiracy.  (Doc. # 659.)  Defendant subsequently received a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), resulting in a revised sentence of 292 months.  (Doc. # 843.)  Defendant is scheduled to be released from federal custody on April 22, 2033.  *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited March 25, 2026).[1]

---

[1] The court takes judicial notice of the public records maintained on the Federal Bureau of Prisons' website.  *See* Fed. R. Evid. 201(c); *see also United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of the Federal Bureau of Prisons' publicly accessible Inmate Locator records); *Naveleski v. Int'l Paper Co.*, 244 F. Supp. 3d 1275, 1300 n.25 (N.D. Fla. 2017) ("[I]t is not uncommon for courts to take judicial notice of factual information found on official governmental agency websites.").

Before the court is Defendant's *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[2] (Doc. # 1053.) Defendant seeks a sentence reduction based on nonretroactive amendments made to the mitigating role guidelines under § 3B1.2(a)–(b) of the United States Sentencing Guidelines (U.S.S.G.), the alleged severity of his sentence, and his post-offense rehabilitation. The Government filed a response opposing the motion. (Doc. # 1056.) For the reasons to follow, Defendant's motion will be denied.

## II.  DISCUSSION

"[F]ederal courts do not have the authority to modify a term of imprisonment except to the extent expressly authorized by statute." *United States v. McCoy*, 88 F.4th 908, 912 (11th Cir. 2023) (citing § 3582(c)), *cert. denied*, 144 S. Ct. 1041 (2024). One such statutory provision is 18 U.S.C. § 3582.

**A.     Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)**

Under 18 U.S.C. § 3582(c)(2),

> [t]he court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth

---

[2] Although Defendant does not explicitly reference § 3582(c)(1)(A), he is requesting compassionate release, which is governed by this statute.

in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). "The grounds upon which a district court may reduce a defendant's sentence pursuant to § 3582(c)(2) are quite narrow." *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012). "The Sentencing Commission must have amended the Sentencing Guidelines, pursuant to 28 U.S.C. § 994(o), that guidelines amendment must have lowered the defendant's sentencing range, and it must also be one that is listed in" the applicable policy statement as retroactive under U.S.S.G. § 1B1.10(d). *Id.* (citing § 3582(c)(2); *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (establishing a "bright-line rule" for defendants whose convictions are final "that amendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10[d]")); *see also United States v. Terry*, 758 F. App'x 888, 890 (11th Cir. 2019) (per curiam) ("Under § 3582(c)(2), . . . a court may only grant a sentence reduction on the basis of a Guidelines amendment that the Sentencing Commission has expressly given retroactive effect.") (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010) ("A court's power under § 3582(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive.")).

Defendant seeks relief under Amendment 833 to the U.S.S.G., which became effective on November 1, 2025. As relevant here, Amendment 833 amends

§ 2D1.1(e)(2)(B)'s special instructions to expand the circumstances under which a mitigating-role adjustment for drug-trafficking offenses involving low-level functions is warranted. *See* U.S.S.G. § 2D1.1(e)(2)(B). The amendment was designed "to address concerns that § 2D1.1 (Unlawful Manufacturing, Importing, Exporting or Trafficking) and § 3B1.2 (Mitigating Role) as they currently apply in tandem do not adequately account for the lower culpability of individuals performing low-level functions in a drug trafficking offense." *United States v. Leones*, 2025 WL 3537608, at *1 (M.D. Fla. Dec. 10, 2025) (cleaned up). However, because Amendment 833 is not listed in U.S.S.G. § 1B1.10(d), it cannot be applied retroactively to Defendant's sentence and does not justify a sentence reduction under 18 U.S.C. § 3582(c)(2). Accordingly, Defendant's motion for a sentence reduction under § 3582(c)(2) will be denied.

**B.     Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)**

Under § 3582(c)(1)(A), as relevant here, the court may reduce a defendant's sentence if three conditions are met: (1) the 18 U.S.C. § 3553(a) sentencing factors support the reduction; (2) "extraordinary and compelling reasons warrant such a reduction"; and (3) the reduction aligns "with applicable policy statements issued by the Sentencing Commission," specifically, U.S.S.G. § 1B1.13. 18 U.S.C. § 3582(c)(1)(A). All three conditions must be satisfied for the district court to grant a motion for compassionate release. *United States v. Tinker*, 14 F.4th 1234, 1237

4

(11th Cir. 2021) (per curiam).  The burden rests with Defendant to demonstrate eligibility for a sentence reduction.  *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

Additionally, § 3582(c)(1)(A) includes a non-jurisdictional exhaustion requirement.  *See United States v. Stinson*, 2023 WL 9016455, at *1 n.2 (11th Cir. Dec. 29, 2023) (per curiam) ("We have held that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional but rather is a claim-processing rule.  But we left open the question of whether the exhaustion requirement is mandatory in the sense that the court must enforce the requirement if the government raises it." (citing *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021)); *see also Harris*, 989 F.3d at 911 ("Section 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional . . . .").  Under § 3582(c)(1)(A), exhaustion is achieved when either: 1) the defendant has fully exhausted all administrative rights to appeal the failure of the Bureau of Prisons to file a motion on his behalf; or 2) 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).  (Doc. # 1053.)

Here, Defendant has not demonstrated that he exhausted his administrative rights.  However, even if he had, he has not established all three statutory conditions required under § 3582(c)(1)(A).  First, the relevant 18 U.S.C. § 3553(a) factors do not support compassionate release.  The 292-month sentence accurately reflects the

nature and circumstances of the offenses, Defendant's history and characteristics, and the gravity of the offenses. *See* § 3553(a). It also serves to promote respect for the law, protect the public, provide just punishment, and deter others from committing similar offenses. *See id.*

Second, the court has evaluated each of Defendant's proposed reasons, including the nonretroactive amendment to the Sentencing Guidelines, the alleged sentence severity based on his role in the conspiracy, and his post-offense rehabilitation. Whether considered independently or collectively, in the context of Defendant's individualized circumstances and U.S.S.G. § 1B1.13(b), these reasons do not rise to the level of extraordinary and compelling.[3] Third, a sentence reduction would not align with U.S.S.G. § 1B1.13.

Accordingly, Defendant's motion for a sentence reduction under § 3582(c)(1)(A) will be denied.

---

[3] The issue of whether the Sentencing Commission exceeded its delegated authority when it promulgated U.S.S.G. § 1B1.13(b)(6), which permits courts to consider nonretroactive changes in law as "extraordinary and compelling reasons" for sentence reductions under 18 U.S.C. § 3582(c)(1)(A), is pending before the Supreme Court of the United States. *See United States v. Romeu*, 2026 WL 36113, at *4 (11th Cir. Jan. 6, 2026) (citing *Rutherford v. United States*, No. 24-820 (U.S. argued Nov. 12, 2025)). The *Romeu* court observed that the Eleventh Circuit has not yet addressed this issue and that there is a split among other circuits. *Id.* However, this court need not weigh in on this issue because, even if nonretroactive changes could be considered, Defendant's case does not present extraordinary and compelling reasons for a sentence reduction.

### III. CONCLUSION

For the foregoing reasons, Defendant has not shown statutory grounds for a sentence reduction under 18 U.S.C. § 3582.  Accordingly, it is ORDERED that Defendant's *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 1053) is DENIED.

DONE this 26th day of March, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE